hGREMILLION, Judge.
This is an appeal by the Estate of Wade Breaux from the trial court’s decision granting Millers Casualty Insurance Company of Texas’ motion for summary judgment. We affirm.
FACTS
On August 5, 1995, Wade Breaux was killed in an automobile accident involving Albertha Louis, who was insured by Millers Casualty with a policy that afforded 10/20 liability coverage. Wade’s heirs, Dickie and Allen Breaux, made a demand on Millers Casualty for the damages sustained by Wade and for their mental pain and anguish. All claims have been settled insofar as Millers *585 Casualty has agreed |2to pay its full policy limits to the Breauxs for a complete release of Louis.
A dispute arose over whether the policy limits for this accident are $10,000.00 or $20,-000.00. On October 31,1995, Millers Casualty instituted a concursus proceeding alleging that it was liable only up to $10,000.00 and deposited that amount plus interest into the registry of the court. The Breauxs filed an answer and reconvened seeking $20,000.00. On December 8, 1995, Millers Casualty filed a motion for summary judgment seeking a dismissal of the reconventional demand and limiting its exposure to $10,000.00. After hearing oral arguments on this matter, the trial court granted Millers Casualty’s motion for summary judgment on January 12, 1996; the judgment was signed on January 30, 1996.
The Breauxs have appealed that judgment alleging that the trial judge committed two errors: (1) the trial court erred in combining a potential survival action with a wrongful death action so as to limit recovery to only one-half of a standard 10/20 personal auto policy; and (2) the trial court erred in not making the aggregate limits of a standard 10/20 policy available to two wrongful death plaintiffs.
SUMMARY JUDGMENT
Appellate courts review summary judgments de novo applying the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La. 1991). The interpretation of an insurance contract is usually a legal question that can be resolved through a motion for summary judgment. Cornier v. American Deposit Ins. Co., 95-865 (La.App. 3 Cir. 12/6/95); 664 So.2d 807. Summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as |3a matter of law. La.Code Civ.P. art. 966.
DISCUSSION
The policy issued by Millers Casualty reads in pertinent part:
We will pay for which any insured person is legally liable because of bodily injury and property damage arising out of an accident.
1. The limit for “each person” is the maximum we will pay for bodily injury sustained by any one person in any one accident and includes all derivative claims.
2. Subject to the bodily injury limit for “each person”, the limit for “each accident” is the maximum we will pay for bodily injury sustained by two or more persons in any one accident which includes all derivative claims which include, but are not limited to, loss of society, loss of companionship, loss of service, and loss of consortium.
DEFINITIONS
4. “Bodily Injury” means bodily injury to or sickness, disease or death of any person.
Millers Casualty asserts that the claims by the Breauxs for their mental pain and anguish are derivative because the injuries they complain of arose from the injury to then-father. Millers Casualty relies on the fact that neither of the Breauxs witnessed the accident, nor did they arrive at the scene soon after. Additionally, it argues that the Breauxs did not sustain bodily injury as contemplated by the policy. As such, Millers Casualty contends that only $10,000.00, the limit for bodily injuries sustained by each person, including all derivative claims, is available for the coverage of damages resulting from this accident.
The Breauxs counter that three persons were injured in the accident: Wade Breaux, the decedent, for his conscious pain and suffering, and Allen and Dickie Breaux for the grievous mental anguish they suffered as a result of their father’s death. The Breauxs assert that this element of wrongful death is not Uderivative and as such, they are injured persons as contemplated by the Miller’s policy. To bolster their position, they rely on Crabtree v. State Farm Ins. Co., 93-0509 *586 (La.2/28/94); 632 So.2d 736, for the proposition that the mental anguish they suffered is bodily injury as defined by the policy.
However, we find that Crabtree is not persuasive in this instance. The lynchpin of the court’s ruling in Crabtree is that the claimant must have a Lejeune[1] claim: the claimant must be closely related to the injured party and either view the event or come upon the scene soon after it occurred. This cause of action was codified by the Louisiana Legislature in La.Civ.Code art. 2315.6, which provides as follows:
Art. 2315.6. Liability for damages caused by injury to another
A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person’s injury:
1. The spouse, child or children, and grandchild or grandchildren of the injured person, or either the spouse, the child or children, or the grandchild or grandchildren of the injured person.
2. The father and mother of the injured person, or either of them
3. The brothers and sisters of the injured person or any of them.
4. The grandfather and grandmother of the injured person, or either of them.
B. To recover for mental anguish or emotional distress under this Article, the injured person must suffer such harm that one can reasonably expect a person in the claimant’s Isposition to suffer serious mental anguish or emotional distress from the experience, and the claimant’s mental anguish or emotional distress must be severe, debilitating, and foreseeable. Damages suffered as a result of mental anguish or emotional distress for injury to another shall be recovered only in accordance with this Article.
“The sources of law are legislation and custom.” La.Civ.Code art. 1. “Legislation is the solemn expression of legislative will.” La.Civ.Code art. 2. “Custom results from practice repeated for a long time and generally accepted as having acquired the force of law. Custom may not abrogate legislation.” La.Civ.Code art. 3. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the legislature’s intent. La.Civ.Code art. 9.
Keeping in mind these bedrock principles of the Civil Code, it is quite obvious that the Breauxs did not suffer a compensable ipjuty. Article 2315.6 sets the parameters within which a person can recover for the mental anguish or emotional distress they suffered as a result of the injuries to another. It is clear that both Dickie and Allen, as the sons of Wade, are parties that can make such a claim. However, it is equally clear that they fail to meet the requirement that they either view an event causing injury to another person, or come upon the scene of the event soon thereafter. Article 2315.6 is a clear and unambiguous expression of legislative will. The Breauxs simply do not fall within the parameters set forth by the statute and, as such, cannot maintain their claim. Their assignments of error are without merit.
CONCLUSION
For the foregoing reasons, we affirm the ruling of the trial court granting Millers Casualty Insurance Company of Texas’ motion for summary judgment.. All costs of this appeal are assessed to the plaintiff, the Estate of Wade Breaux.
AFFIRMED.
THIBODEAUX, J., dissents with written reasons.
COOKS, J., dissents for reasons assigned by THIBODEAUX, J.

. In Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990), the Louisiana Supreme Court recognized a plaintiff's right to recover damages for severe mental pain and anguish caused by witnessing serious injury to a close relation.