|, DENNIS R. BAGNERIS, SR., Judge.
This is an appeal by defendant, Allstate Insurance Company, (“Allstate”) from a February 25, 2003, judgment of the trial court that denied defendant’s motion for summary judgment and awarded plaintiffs Kathy Cochran, individually and on behalf of her three minor children, Earl Cochran, III, David Cochran and Emily Cochran, (“Plaintiffs”) the “Each Accident” limit of $50,000.00 of Plaintiffs’ uninsured/underin-sured motorists coverage rather than the “Each Person” limit of $25,000.00. For the reasons stated more fully herein, we reverse.
FACTS
On October 31, 2001, Plaintiffs’ decedent, Earl Cochran Jr., died, when a truck driven by Sam Reían struck the truck he was driving head-on. Earl Cochran was traveling in the proper direction and had no liability in the accident that took his life. It is undisputed that Plaintiffs were not present at the time of the accident and did not arrive at the scene shortly thereafter.
Allstate issued Earl Cochran, Jr. a policy of insurance with Uninsured/Underin-sured Motorist insurance limits of $25,000.00 per person and $50,000.00 per accident within a policy period from September 11, 2001 through March 11, 2002. The Allstate policy defines “bodily injury” as “bodily injury, [{.sickness, disease or death.” In addition, the. Allstate policy provides, in relevant part:
Limits of Liability
1. The coverage limit shown on the
declarations page for:
a) “each person” is the maximum that we will pay for damages arising out of bodily injury to one person in any one motor vehicle accident, including all damages sustained by anyone else as a result of that bodily injury.
b) “each accident” is the maximum that we will pay for damages arising out of bodily injury to two or more persons in any one motor vehicle accident. This limit is subject to the limit for “each person.”
On December 10, 2001, Plaintiffs filed a Petition for Damages and Wrongful Death *801 against Allstate. Plaintiffs asserted wrongful death and loss of consortium claims, alleging that, as a result of Earl Cochran, Jr.’s death, they sustained “mental pain and suffering; a loss of love and affection; loss of support; lost wages, loss of inheritance, and loss of earning capacity.”
On August 20, 2002, Allstate filed a Motion for Partial Summary Judgment, which alleged that Plaintiffs’ wrongful death and loss of consortium claims result from the bodily injury of the only person involved in the accident, Earl Cochran, Jr., and are not separate bodily injury claims in the accident. Thus, Allstate contends that only the “Each Person” limit applies and that, under the terms of the Allstate insurance policy, recovery by Plaintiffs is limited to the per person limit of $25,000.00. In Plaintiffs’ memorandum in opposition to Motion for Partial Summary Judgment, they allege that they each have a separate bodily injury claim resulting from the wrongful death of Earl Cochran, Jr. and thus, the “Each Accident” limit of $50,000.00 applies.
|3On February 25, 2003, following a hearing, the trial court signed an Amended Judgment, which denied Allstate’s motion for partial summary judgment and granted judgment in favor of Plaintiffs in the amount of the $50,000.00 “Each Accident limit.”[1] Allstate now appeals this final judgment.
STANDARD OF REVIEW
On appeal, summary judgments are reviewed de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, p. 7 (La.2/29/00), 755 So.2d 226, 230. The motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. See La. C.C.P. art. 966(B). The motion should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, and is now favored. La. C.C.P. art. 966(A)(2). The initial burden continues to remain with the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense, then the nonmoving party must produce factual support sufficient to satisfy his or her evidentiary burden at trial. La. C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. arts. 966. In determining whether an issue is “genuine,” courts cannot consider the merits, make |4credibility determinations, evaluate testimony or weigh evidence. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751.
DISCUSSION
On appeal, Allstate’s sole assignment of error is that the trial court incorrectly found that, under the terms of the Allstate insurance policy, the Plaintiffs’ claims triggered the application of the policy’s “Each Accident” limit rather than the “Each Per *802 son” limit. Allstate argues that the policy expressly provides that the “Each Person” limit is the maximum that it will pay “for damages arising out of bodily injury to one person in any one motor vehicle accident, including damages sustained by anyone else as a result of that bodily injury.” Allstate argues that only the decedent suffered bodily injury in the accident and that Plaintiffs’ claims result from his bodily injury, thus triggering application of only a single “Each Person” limit. Conversely, the Plaintiffs contend that their wrongful death and loss of consortium claims resulting from Earl Cochran, Jr.’s death are similar to those alleged in Crabtree v. State Farm Ins. Co., 93-0509 (La.02/28/94), 682 So.2d 736, where the Louisiana Supreme Court found that a wife who witnessed her husband’s accident had a separate Le-jeune-type “bodily injury” claim for mental anguish,[2] entitling her to a separate “Each Person” uninsured/underinsured limit.
The Civil Code and jurisprudence provides the rules for the interpretation of an insurance contract. As stated by the Louisiana Supreme Court:
An insurance policy is an aleatory contract subject to the same basic interpretive rules as any other contract. La. Civ.Code art.1912, cmt. e; Magnon v. Collins, 98-2822, p. 6 (La.7/7/99), 739 So.2d 191, 196; Peterson v. Schimek, 98-1712, p. 4 (La.3/2/99), 729 So.2d 1024, 1028; Smith v. Matthews, 611 So.2d 1377, 1379 (La.1993). The policy is a contract between the parties and should be construed employing the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. The judicial responsibility in interpreting insurance contracts is to determine the parties’ common intent. La. Civ.Code art.2045; Magnon, 98-2822 at 6, 739 So.2d at 196; Ledbetter v. Concord Gen. Corp., 95-0809, p. 3 (La.1/6/96), 665 So.2d 1166, 1169. Obviously, the initial determination of the parties’ intent is found in the insurance policy itself. La. Civ.Code art.2046. In analyzing a policy provision, the words, often being terms of art, must be given their technical meaning. La. Civ.Code art.2047. When those technical words are unambiguous and the parties’ intent is clear, the insurance contract will be enforced as written. La. Civ.Code art.2046; Magnon, 98-2822 at 7, 739 So.2d at 197. If, on the other hand, the contract cannot be construed simply, based on its language, because of an ambiguity, the court may look to extrinsic evidence to determine the parties’ intent. Peterson, 98-1712 at 5, 729 So.2d at 1029
Blackburn v. National Union Fire Ins. Co., of Pittsburgh, 2000-2668 p. 6-7 (La.4/3/01), 784 So.2d 637, 641.
After a review of Allstate’s policy, we find the language of the policy is clear that Allstate contracted to limit its liability under the uninsured/underinsured coverage to a single “Each Person” limit where only one person suffers bodily injury in the accident. The parties do not dispute that only one person, Earl Cochran, Jr. sustained bodily injury in the accident and that Plaintiffs’ wrongful death and loss of consortium claims seek damages they sustained as a result of the bodily injury to Mr. Cochran in the accident. Accordingly, we agree with Allstate that its policy limits Plaintiffs’ recovery for all claims to the single $25,000.00 “Each Person” limit.
Further, our review of Louisiana case law supports our conclusion that a single *803 “Each Person” limit encompasses all damages resulting from bodily injury to one person in an accident. In Ferrell v. Fireman’s Fund Ins. Co., the Louisiana Supreme Court considered the issue of whether a spouse’s loss of consortium | (¡claim arising out of bodily injury to her husband in an accident falls within the “per person” bodily limits. 96-3028 (La.07/01/97), 696 So.2d 569. Specifically, the court held that “[cjoverage for loss of consortium exists solely under the per person bodily injury limits of the policy because loss of consortium is derivative of the primary victim’s injuries and not a separate bodily injury.” Id. at 576. See also Aucoin v. Doerner, 98-255 (La.App. 5 Cir. 08/25/98), 717 So.2d 1239 (where the Fifth Circuit found that the policy language, “clearly limits recovery to the maximum of $25,000 for all claims of all persons made due to the injury of one person.”); Millers Cas. Ins. Co. of Texas v. Estate of Breaux, 96-640 (La.App. 3 Cir. 03/05/97), 692 So.2d 584, 585 (where the plaintiffs, who were neither injured in nor witnessed the accident, asserted claims for mental anguish as a result of their father’s death and the Third Circuit held that the “each person” limit applied to all claims, including the plaintiffs’ claims for mental anguish); Shepard v. State Farm Mut. Auto. Ins. Co., 545 So.2d 624 (La.App. 4 Cir. 5/25/89) (loss of consortium claim is subject to per person limit because it arises out of injuries caused to another).
The Plaintiffs cite to a Louisiana Supreme Court decision, Crabtree v. State Farm Ins. Co., 93-0509 (La.02/28/94), 632 So.2d 736 for the proposition that their claims for mental anguish constitute separate “bodily injury” sustained in the accident, which entitle them to recover uninsured/underinsured benefits up to the $50,000.00 “per-aceident” limit. However, as Allstate correctly points out, the case cited by Plaintiffs is wholly distinguishable from this case.
In Crabtree, Mr. Crabtree was riding a motorcycle while his wife followed him in her automobile. Soon thereafter, an oncoming vehicle crossed the center line and struck Mr. Crabtree head-on. Mrs. Crab-tree, who witnessed the accident 17from her vehicle, rushed to her husband and found that one of his legs had been nearly severed below the knee. The issue in Crab-tree was “whether a wife’s mental anguish suffered upon witnessing an injury to her husband constitutes a separate bodily injury under an automobile insurance policy thereby entitling the wife to her own per person policy limit subject to the aggregate per accident limit.” Crabtree, 93-0509 at p. 1, 632 So.2d at 737-38. The Crabtree court found that Mrs. Crabtree’s mental anguish constituted a separate “bodily injury” because she suffered bodily injury “in the same accident” as her husband. Id. at 745.
In this case, the Plaintiffs were not involved in Earl Cochran Jr.’s accident, they did not witness the accident, and they did not arrive at the scene shortly thereafter. Thus, unlike the plaintiff in Crabtree, Plaintiffs have no Lejeune claims, which would constitute separate bodily injury claims and entitle them to recover separate “per-person” limits, up to the per-accident limit, under the policy.
For these reasons, we reverse the trial court judgment, which found in favor of Plaintiffs on the underinsured/uninsured policy issued to Earl Cochran, Jr. in the amount of the “per accident limits” of $50,000.00, and we render judgment against Plaintiffs and in favor of Allstate in the amount of the “per person” policy limit of twenty five thousand dollars ($25,-000.00).
REVERSED.

. The trial court expressly designated the judgment as final and appealable pursuant to La. C.C.P. article 1915(B).

. In Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990), the Louisiana Supreme Court recognized a plaintiff's right to recover damages for severe mental pain and anguish caused by witnessing serious injury to a close relation.