STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT


03-774 consolidated with 03-775, 03-776, & 03-777


CHARLES THIELS, ET AL.

VERSUS

AMERICAN INTERNATIONAL SOUTH INSURANCE CO., ET AL.


**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 208,655 C/W 209,772; 209,915; & 210,027
HONORABLE HARRY FRED RANDOW, DISTRICT COURT JUDGE

**********
ULYSSES GENE THIBODEAUX
JUDGE
**********

Court composed of Ulysses Gene Thibodeaux, Oswald A. Decuir, and Jimmie C. Peters, Judges.


AFFIRMED.

Kenneth Pitre
PITRE LAW OFFICE
P. O. Drawer 1260
Eunice, LA 70535
Telephone: (337) 457-9048
COUNSEL FOR:
    Appellant - Deborah Banks

Henry Gregory Walker, Jr.
Walker, Passman & Michiels
P. O. Box 13020
Alexandria, LA 71315-3020
Telephone: (318) 445-4516
COUNSEL FOR:
    Plaintiffs/Appellees - Charles Thiels, Ralph Thiels, Harvey Thiels,
    Darrell Thiels, and Janel Thiels Gains
James Berry Reichman

**Reichman & Armour**
**P. O. Box 210**
**Alexandria, LA 71309**
**Telephone: (318) 442-6611**
**COUNSEL FOR:**
    **Defendant/Appellee - State Farm Mutual Auto Insurance Co.**

**Monique Freeman Rauls**
**Assistant Attorney General**
**P. O. Box 1710**
**Alexandria, LA 71309-1710**
**Telephone: (318) 487-5944**
**COUNSEL FOR:**
    **Defendant/Appellee - State of Louisiana, Through DOTD**

**Shannon James Gremillion**
**Briney & Foret**
**P. O. Drawer 51367**
**Lafayette, LA 70505-1367**
**Telephone: (337) 237-4070**
**COUNSEL FOR:**
    **Defendants/Appellees - American International South Insurance**
    **Company and Michael S. Thibodeaux**

THIBODEAUX, Judge.

Deborah Banks (Banks), the plaintiff in this personal injury case, appeals a judgment rendered by the trial court in a concursus proceeding invoked by American International South Insurance Company (AIS) in connection with a motor vehicle accident that occurred on August 21, 2001, in Rapides Parish. The accident resulted in the death of Robert Thiels (Robert). The trial court's judgment held that the language of the AIS policy provided $10,000.00 "per person" claim coverage to each of Robert's children, Charles Thiels, Ralph Thiels, Harvey Thiels, Darrell Thiels and Janel Thiels Gaines (the Thiels), subject to the $20,000.00 "per accident" maximum limit. Banks, the guest passenger in the vehicle driven by the tortfeasor, appeals that judgment. We affirm.

I.

**ISSUE**

The issue in this case is whether survival, wrongful death and personal injury actions that arise out of the same accident entitle the heirs of the deceased and the tortfeasor's injured guest passenger to the "per person" coverage for each claimant, subject to the $20,000.00 "per accident" maximum, or whether the language of the liability policy limits the heirs to the "per person" policy limit of $10,000.00 to share among the five heirs, leaving another $10,000.00 "per person" limit to the guest passenger who was injured in the accident.

II.

**FACTS**

The facts of the accident giving rise to the present case are not in dispute. On August 21, 2001, at the intersection of Louise Street and the west service road

1

along MacArthur Drive in Alexandria, Louisiana, Robert had the right of way and was driving on Louise Street through the intersection. A vehicle operated by Michael Thibodeaux (Thibodeaux) was on the service road and failed to yield in accordance with the yield sign, causing Robert's vehicle to collide with Thibodeaux's vehicle. As a result of the injuries he received from the accident, Robert was taken to Rapides Regional Medical Center by ambulance. He died there on August 31, 2001.

Robert had five children who each asserted wrongful death and survival action claims against Thibodeaux and his insurer, AIS. Banks, who was a guest passenger in Thibodeaux's vehicle, was also injured. She asserted a personal injury claim against Thibodeaux as a result of his negligence. AIS provided a liability insurance policy with bodily injury limits of $10,000.00 per person subject to a maximum of $20,000.00 per accident. Both Banks and the Thiels filed cross motions for summary judgment in the trial court. The issue was whether the AIS policy provides $10,000.00 per person claim coverage to each of the five Thiel children subject to the $20,000.00 per accident cap or whether the five Thiel children are subject, collectively, to a $10,000.00 per person limit. The trial court decided in favor of the Thiels, finding that the policy issued by AIS provides $10,000.00 per person coverage to each of the five Thiel heirs subject to the $20,000.00 per accident maximum. It is from this judgment that Banks appeals.

III.

## LAW AND DISCUSSION

### *Summary Judgment*

In Louisiana, summary judgment is now favored and it shall be used to secure the just, speedy, and inexpensive determination of all actions, except those specifically excluded in La.Code Civ.P. art. 969. La.Code Civ.P. art. 966(A)(2). A

2

summary judgment shall be rendered if the pleadings, depositions, interrogatory responses, and admissions, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). Material facts are those that have the potential to insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of a legal dispute. *Rambo v. Walker,* 96-2538 (La.App. 1 Cir. 11/7/97), 704 So.2d 30. Appellate courts review summary judgments *de novo* applying the same criteria as the trial court to determine whether summary judgment is appropriate. *Schroeder v. Bd. of Sup'rs,* 591 So.2d 342 (La.1991). Accordingly, we undertake a *de novo* review of the matter at bar.

The party moving for summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact. Any doubt as to whether the moving party has met that burden should be resolved against granting the motion. *Bradford v. Louisiana Downs, Inc.,* 606 So.2d 1370 (La.App. 2 Cir. 1992). The likelihood that a party will prevail on the merits does not constitute a basis for granting a motion for summary judgment. *Claiborne v. Conagra, Inc.,* 96-482 (La.App. 3 Cir. 10/30/96), 682 So.2d 851.

### *AIS Policy Language*

This case involves the interpretation of the language in the AIS liability insurance policy issued to Thibodeaux. The AIS policy's limit of liability provision states:

LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. "Insureds,"

2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.

The policy defines "bodily injury" as "bodily harm, sickness or disease including death that results." According to the policy, the total amount of money available per accident is $20,000.00. Thus, if the "per accident" amount of $20,000.00 is applicable in this case, all of the injured parties would have to share in the $20,000.00. Although not completely clear from her brief, it appears that Banks contends that the Thiels are entitled to share only the "per person" amount of $10,000.00 because their claims are derivative of the bodily injury to and subsequent death of their father.

The rules concerning the interpretation of insurance contracts were set out by the court in *State Farm Mutual Automobile Insurance Co. v. Cooper*, 97-1134 (La.App. 3 Cir. 2/18/98), 707 So.2d 986, 988, *citing Crabtree v. State Farm Insurance Co.*, 93-0509 (La.2/28/94), 632 So.2d 736, 741 (footnotes omitted):

> An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Casualty Co.*, 93-0911 p. 5 (La. 1/14/94), 630 So.2d 759, 763; *Smith v. Matthews*, 611 So.2d 1377, 1379 (La.1993); *Schroeder v. Board of Supervisors of La. State Univ.*, 591 So.2d 342, 345 (La.1991). If the words of the policy are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the agreement must be enforced as written. *Smith*, 611 So.2d at 1379; *Central La. Elec. Co. v. Westinghouse Elec. Corp.*, 579 So.2d 981, 985 (La.1991); *Pareti v. Sentry Indem. Co.*, 536 So.2d 417, 420 (La.1988); *see* La.Civ.Code art. 2046. An insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. *Interstate*, 93-0911 p. 5, 630 So.2d at 763; *Fertitta v. Palmer*, 252 La. 336, 211 So.2d 282, 285 (1968). The policy should be construed as a whole and one portion thereof should not be construed separately at the expense of disregarding another. *Westinghouse*, 579 So.2d at 985; *Pareti*, 536 So.2d at 420; *see* La.Civ.Code art. 2050. If

after applying the other general rules of construction an ambiguity remains, the ambiguous contractual provision is to be construed against the insurer who issued the policy and in favor of the insured. *Interstate*, 93-0911 p. 6, 630 So.2d at 764; *Smith*, 611 So.2d at 1379; *Pareti*, 536 So.2d at 420; *see* La.Civ.Code art. 2056.

In *Crabtree*, a wife was driving a vehicle behind her husband who was driving a motorcycle. She suffered mental anguish when she witnessed another vehicle cross the center line and collide head-on with her husband's motorcycle. She brought suit against the insurer of the tortfeasor seeking damages for her mental anguish caused by seeing, not only the collision, but also her husband's leg almost completely severed. Thus, she had a *Lejeune* claim. The defendant in *Crabtree* asserted the same argument asserted by Banks in the present case—that because the wife's mental anguish resulted from her husband's bodily injury, it falls within the "per person" limit of the policy as opposed to the "per accident" limit. The supreme court decided that the wife's mental anguish claim was an additional bodily injury under the insurance policy language in that case, separate and apart from the injury to the person actually involved in the accident.

Likewise, the supreme court decision in *Walls v. American Optical Corp.*, 98-455 (La. 9/8/99), 740 So.2d 1262, a case involving a wrongful death action, establishes that a wrongful death and a survival action are two separate causes of action. The language in the AIS policy is not ambiguous. It provides for the payment of $20,000.00 for *all* damages resulting from one accident regardless of the number of claims. Each of the five Thiel heirs has a wrongful death action. Additionally, the deceased has a survival action which was inherited by his heirs, and Banks, the guest passenger in Thibodeaux's vehicle, has a personal injury claim. One accident, caused by Thibodeaux, resulted in multiple injuries to several persons. The Thiels' wrongful death claims are not subject to the single person policy limit applicable to their

5

father's survival action.  The trial court's grant of summary judgment in favor of the Thiels was correct.

## IV.

## <u>CONCLUSION</u>

The insurance policy issued by American International South Insurance Company provides a $10,000.00 "per person" coverage to each of the Thiel heirs, subject to the $20,000.00 "per accident" maximum limit of the policy.  The judgment of the trial court is affirmed.  All costs of appeal are assessed against plaintiff-appellant, Deborah D. Banks.

**AFFIRMED.**