DOWNING, J.
| «This appeal challenges a trial court’s determination that wrongful death claimants were entitled to recover, as separately injured persons, the each accident bodily injury limits of an automobile liability insurance policy. We reverse and remand.
BACKGROUND
On January 16, 2002, vehicles driven by Kathleen Cannon and William Richard collided at an intersection in East Baton Rouge Parish. Donald Cannon, Kathleen’s husband and a passenger in her vehicle, sustained injuries in the accident, from which he later died. Three of the Cannon children, Susan Hill, Michael Cannon and Randall Cannon, filed lawsuits in Ascension Parish asserting survival and wrongful death claims against Kathleen Cannon and Shelter Mutual Insurance Company, which issued an automobile liability policy insuring the Cannon vehicle, as well as William Richard and his liability insurer, U.S. Agencies.[1]
The lawsuits were consolidated in the trial court. Plaintiffs and Shelter filed motions for summary judgment on the issue of insurance coverage. These motions raised the issue of whether the Shelter policy’s “each person” or “each accident” bodily injury limits applied to the plaintiffs’ claims. The plaintiffs asserted that because their claims involved separate bodily injuries — the first for their father’s suffering, and the second for their own suffering as a result of their father’s death — the higher each accident limits of the policy applied. Shelter, on the other hand, contended that its policy unambiguously limited the plaintiffs’ claims to the lower each person bodily injury limits of the policy. Specifically, Shelter argued, the |4policy limited Donald Cannon’s surviving children’s recovery to the same each person limit from which their father’s survival claim must be satisfied.
The trial court granted plaintiffs’ motion for summary judgment, ruling that plain *275 tiffs were entitled to the each accident limits of the policy. Thereafter, the parties entered into a joint stipulation declaring that the plaintiffs’ damages exceeded the limits of the Shelter policy and setting forth the amounts to which they would be entitled, depending on this court’s determination as to which limitation applied to their claims. This appeal, taken by Shelter, followed.
Initially, we note that the trial court’s ruling is a partial judgment. The trial court designated the judgment as final and appealable under La. C.C.P. art. 1915, but did not state its reasons for concluding there was no just reason for the delay. Accordingly, we are required to conduct a de novo review of the propriety of the certification. R.J. Messinger, Inc. v. Rosenblum, 2004-1664, pp. 13-14 (La.3/2/05), 894 So.2d 1113, 1122. We find that the trial court’s certification was indeed appropriate and there is no just reason for delay because the determination of this insurance coverage issue will resolve this lawsuit. Therefore, we have jurisdiction over this appeal.
DISCUSSION
A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s determination of whether a summary judgment is appropriate. Bel v. State Farm Mutual Automobile Insurance Co., 99-1922, p. 4 (La.App. 1st Cir.9/22/00), 767 So.2d 965, 968, writ denied, 2000-2913 (La.2/9/01), 785 So.2d 821.
The sole issue in this case is whether Shelter is liable to the plaintiffs as separately injured persons out of the each accident bodily injury limits of its policy of insurance, or whether the plaintiffs’ wrongful death and survival claims must be satisfied out of the each person bodily injury limits of the policy. In interpreting insurance contracts, the role of the judiciary is to ascertain the common intent of the parties. Cadwallader v. Allstate Ins. Co., 2002-1637, p. 3 (La.6/27/03), 848 So.2d 577, 580. An insurance policy should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation in order to enlarge or restrict its provisions beyond what is reasonably contemplated by unambiguous terms. The rules of construction do not permit an exercise of inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clearness the parties’ intent. Id.
Courts have often been called upon to interpret an insurance policy’s per person and per accident bodily injury limitations. It is well established that the determination of whether an automobile liability policy’s per person limit or per accident limit applies in a given case depends upon the specific language of the policy. Bel, 99-1922 at p. 7, 767 So.2d at 969.
Therefore, we turn to the language of the Shelter policy. It defines the term “bodily injury” to mean “bodily injury, and sickness, disease, or death which results from it.” Coverage A of the Shelter policy contains bodily injury liability limits of $50,000.00 for “each person” and $100,000.00 limits for “each accident.” The policy further defines the policy’s each person and each accident bodily injury coverage as follows:
|fi(l) The limit of liability for COVERAGE A for “each person” is the limit of *276 our liability for all damages, including damages for care and loss of services or consortium, arising out of bodily injury sustained by one person as the result of any one accident. “Bodily Injury sustained by one person” includes all injury and damages to others resulting from this bodily injury;
(2) The limit of liability for COVERAGE A for “each accident” is (subject to the limit for “each person”) the total limit of our liability for all damages, including damages for care and loss of services or consortium, arising out of bodily injury sustained by two or more persons as the result of any one accident. (Emphasis in original)
Plaintiffs insist that the each accident limit applies in this case because there was more than one bodily injury sustained and because the each person limitation of the Shelter policy does not exclude bodily injuries arising from the original bodily injury. They submit that the survival action involves their father’s bodily injury, while the wrongful death actions, separate and distinct causes of action, involve each of the four children’s own bodily injury as defined in the Shelter policy. In effect, they urge, there are five “bodily injuries” in this case, entitling them to recover separate each person limits of the policy up to the each accident limitation. They also contend that the policy is vague and ambiguous and should be read in favor of coverage.
Plaintiffs rely on the case of Crabtree v. State Farm Insurance Co., 93-0509 (La.2/28/94), 632 So.2d 736, wherein the supreme court held that an autom'obile policy’s bodily injury limitation was ambiguous as applied to a spouse’s Lejeune claim under La. C.C. 2315.6. In that case, a wife was driving behind her husband’s motorcycle when a car crossed the center-line and hit her husband head-on. The wife rushed to her husband’s side and discovered that his leg had been nearly severed below the knee.
Like the Shelter policy, the policy in Crabtree defined “bodily injury to one person” to include “all injury and damages to others resulting from |7this bodily injury.” The supreme court concluded that this language did not reasonably encompass bodily injury to others under the single' per person limit, construing the per person limit to apply only where one person suffered bodily injury and one or more other persons suffered injury and damages other than bodily injury as a result of the former’s bodily injury. The court held that the spouse’s severe emotional distress upon witnessing the accident constituted a separate bodily injury, and that she suffered mental anguish in the same accident as her husband, and therefore was entitled to recover her own per person policy limit subject to the aggregate per accident limit.
In Crabtree, the court observed that if State Farm had intended “bodily injury to one person” to include “all injury, including bodily injury, and damages to others resulting from this bodily injury,” the policy would have so provided. 632 So.2d at 742. The suggested policy language was before this court in Bel v. State Farm Mutual Automobile Insurance Company, 99-1922, 767 So.2d 965. At issue in Bel was whether the policy’s per person policy limit applied to survival and individual wrongful death claims. Given that the insurer had adopted the precise language considered necessary by the supreme court to limit recovery for injuries to multiple individuals all resulting from the bodily injury of one person to a single per person limit, this court concluded the policy limited the wrongful death claimants’ recovery to the same per person limit from which the decedent’s survival claim must be satisfied.
*277 Because the policy in Bel defined bodily injury to one person to encompass all bodily injuries to others arising from that bodily injury, this court was not asked to decide whether wrongful death claims constitute separate bodily injuries entitling the claimants to recover separate per person | slimits of a liability policy. A number of cases, however, have addressed the issue. In some, the courts have refused to allow multiple claimants who do not have Lejeune claims to recover separate per person bodily injury limits for injuries arising out of the bodily injury sustained by one person in an automobile accident. In others, however, wrongful death claimants have been allowed to recover separate per person limits where the particular policy language was deemed ambiguous.
In Ferrell v. Fireman’s Fund Insurance Co., 96-3028 (La.7/1/97), 696 So.2d 569, the supreme court was asked to decide whether an insurer was liable for a spouse’s loss of consortium claim out of the per accident bodily injury limits of its policy, or whether the loss of consortium claim was derivative of her husband’s injuries and therefore must be satisfied out of the per person bodily injury limits of the policy. The court distinguished its holding in Crabtree, ruling that because loss of consortium is derivative of the primary victim’s injuries and not a separate bodily injury, coverage for the claim existed solely under the per person bodily injury limits of the policy.
In Millers Casualty Insurance Company of Texas v. Estate of Breaux, 96-640 (La.App. 3rd Cir.3/5/97), 692 So.2d 584, writ denied, 97-0894 (La.5/9/97), 693 So.2d 761, at issue was whether two wrongful death claimants’ recovery fell under a policy’s each person or each accident limitation. The policy defined the “each person” limit to include all derivative claims. The court observed that the lynchpin of the supreme court’s ruling in Crabtree is that the claimant must have a Lejeune claim, that is, the claimant must be closely related to the injured party and either view the event or come upon the scene shortly after it occurred. As neither of the wrongful death claimants could meet this test, the court refused to |flaIlow them to recover under the policy as separately injured persons. Accord Conner v. Stanford, 96-1211 (La.App. 3rd Cir.3/5/97), 692 So.2d 1146, writ denied, 97-1635 (La.10/3/97), 701 So.2d 207 (holding that wrongful death claimants, who did not have a separate Lejeune cause of action entitling them to recover a separate per person limit under the policy, could not recover the policy’s per accident limits).
Similarly, in Cochran v. Layrisson, 2003-0766 (La.App. 4th Cir.10/8/03), 859 So.2d 799, writ denied, 2003-2898 (La.1/9/04), 862 So.2d 988, multiple wrongful death claimants asserted that they were entitled to recover under an automobile liability policy as separately injured persons. The policy in that case provided that the each person limit was the maximum the insurer would pay “for damages arising out of the bodily injury to one person in any one motor vehicle accident, including damages sustained by anyone else as a result of that bodily injury.” The court distinguished the case from the Crabtree ruling because none of the claimants had Lejeune claims that would entitle them to recover separate each person limits under the policy. The court concluded:
After a review of Allstate’s policy, we find the language of the policy is clear that Allstate contracted to limit its liability... to a single “Each Person” limit where only one person suffers bodily injury in the accident. The parties do not dispute that only one person, Earl Cochran, Jr. sustained bodily injury in the accident and that Plaintiffs wrongful *278 death and loss of consortium claims seek damages they sustained as a result of the bodily injury to Mr. Cochran in the accident. Accordingly, we agree with Allstate that its policy limits Plaintiffs' recovery for all claims to the single $25,000 “Each Person” limit.
Cochran, 2003-0766 at p. 5, 859 So.2d at 802.
However, in Hardie v. Professional Physical Rehabilitation Hospital, LLC, 2004-445 (La.App. 3rd Cir.9/29/04), 883 So.2d 510, the third circuit found a policy ambiguous and allowed wrongful death | ^claimants to recover three each person limits up to the aggregate policy limits. The policy in that case stated that the each person limit was the most it would pay for all claims resulting from the injury or death of any one person, including any claims for loss - of services and mental distress. As written, it was not clear whether the $100,000 each person limit applied to all claims by all persons as the result of the injury or death of another person. The court construed the policy to mean that an injured person, such as a wrongful death claimant, was clearly covered under the each person limit for all claims. See also Thiels v. American International South Insurance Co., 2003-774 (La.App. 3rd Cir.12/10/03), 861 So.2d 757 (concluding that wrongful death claimants were not subject to the policy’s single person limit applicable to their father’s survival action.)
After analyzing the jurisprudence, we decline to extend Crabtree’s finding of a policy ambiguity in the case of a spouse who was present at the time of the automobile accident to the wrongful death claims asserted herein. Instead, we agree with the court’s decision in Cochran, which reviewed similar policy language in the context of wrongful death claims. We find that with respect to wrongful death claims, the policy is not ambiguous. The wrongful death claimants are seeking to recover damages they sustained as a result of the bodily injury to their father in the accident. Regardless of how the wrongful death claims are characterized in the law, plaintiffs’ claims are dependent upon the existence of bodily injury to another person in an automobile accident. The policy language clearly limits Shelter’s exposure for the wrongful death claims asserted by Mr. Cannon’s children arising out of his fatal injury in the accident to a single each person limit, and we find the trial court’s construction of the policy language to be in error.
InFor the above reasons, we hold that the trial court improperly granted summary judgment in favor of plaintiffs. We reverse that ruling and grant summary judgment in favor of Shelter Mutual Insurance Company, holding that plaintiffs’ recovery is limited to the each person limit of the Shelter policy. In accordance with the stipulation, judgment is entered in favor of Susan Hill, Michael W. Cannon and Randall L. Cannon in the amount of $12,500.00 each.
The case is remanded to the trial court for proceedings consistent with this opinion. All costs-of this appeal are assessed to appellees.
REVERSED AND RENDERED; REMANDED.
HUGHES, J., concurs.

. A fourth sibling filed a lawsuit in East Baton Rouge Parish.